ORIGINAL

Approved: _____
WON S. SHIN
Assistant United States Attorney

Before:  HONORABLE PAUL E. DAVISON
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - x
                                :   **SEALED COMPLAINT**
UNITED STATES OF AMERICA        :
                                :   Violation of
        - v. -                  :   21 U.S.C. § 846
                                :
JUSTIN LAUREL,                  :
                                :   COUNTY OF OFFENSE:
            Defendant.          :   SULLIVAN
- - - - - - - - - - - - - - - - x   15mj1077

SOUTHERN DISTRICT OF NEW YORK, ss.:

Jessica Miller, being duly sworn, deposes and says that she is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE

1. From at least in or about Summer 2014, up to and including in or about March 2015, in the Southern District of New York and elsewhere, JUSTIN LAUREL, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that JUSTIN LAUREL, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance involved in the offense was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

4. I am an FBI Special Agent, and I have been personally involved in the investigation of this matter. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement officers and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. From my personal involvement in this investigation and my conversations with other law enforcement officers, I have learned, in substance and in part, that according to a confidential informant ("CI-1"),[1] from in or about Summer 2014 up to and including in or about March 2015, CI-1 has purchased at least approximately 500 grams of crack cocaine and at least approximately 500 grams of powder cocaine from JUSTIN LAUREL, the defendant.

6. From my personal involvement in this investigation and my conversations with other law enforcement officers, I have learned, in substance and in part, the following:

a. On or about March 31, 2015, at the direction of law enforcement officers, CI-1 placed phone calls to and exchanged text messages with JUSTIN LAUREL, the defendant, for the purpose of arranging to purchase crack cocaine and powder cocaine. CI-1 ordered 75 grams of crack cocaine and 50 grams of powder cocaine from LAUREL. CI-1 and LAUREL agreed to meet near CI-1's residence in Fallsburg, New York.

b. Later that evening, law enforcement officers observed a vehicle approaching CI-1's residence. CI-1

---

[1] CI-1 has prior convictions for conspiracy to commit a robbery, assault, and possession of narcotics. CI-1 is facing charges for being a convicted felon in possession of a firearm, and is assisting law enforcement in the hope of reduced charges or a reduced sentence. CI-1 has provided information in this investigation that has been reliable and corroborated.

identified the driver of the vehicle as LAUREL. Law enforcement officers also identified the driver of the vehicle as LAUREL, based on prior law enforcement interactions. An individual believed to be a co-conspirator of LAUREL occupied the passenger seat.

        c.  Law enforcement officers observed that LAUREL was not wearing a seat belt and conducted a traffic stop. When the officers signaled for the vehicle to pull over, they observed one or more objects being thrown out of the front passenger side window.

        d.  Law enforcement officers subsequently recovered two clear plastic sandwich bags near the approximate location where the objects were thrown from the vehicle. A field test conducted by law enforcement officers showed that one bag contained a substance containing crack cocaine; the substance, including packaging, weighed approximately 70.9 grams. A field test conducted by law enforcement officers showed that the other bag contained a substance containing powder cocaine; the substance, including packaging, weighed approximately 51.2 grams.

WHEREFORE, deponent prays that JUSTIN LAUREL, the defendant, be imprisoned, or bailed, as the case may be.

JESSICA MILLER  
Special Agent  
Federal Bureau of Investigation

Sworn to before me this  
1st day of April, 2015

HONORABLE PAUL E. DAVISON  
UNITED STATES MAGISTRATE JUDGE  
SOUTHERN DISTRICT OF NEW YORK

3