```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA                      :
                                              :       MEMORANDUM
v.                                            :       OPINION AND ORDER
                                              :
JUSTIN LAUREL,                                :       15 CR 402 (VB)
                       Defendant.             :
--------------------------------------------------------x
```

Now pending is defendant Justin Laurel's motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) to reduce his term of imprisonment in light of the current COVID-19 pandemic. (Doc. #78).

For the following reasons, the motion is DENIED.

The COVID-19 pandemic is an unprecedented worldwide catastrophe. But it does not warrant the early release of sentenced inmates in federal prisons convicted of serious, dangerous offenses, like Laurel, whose medical condition and risk of serious complications were he to become re-infected with COVID-19, cannot, by any reasonable definition, be deemed "extraordinary and compelling." See 18 U.S.C. § 3582(c)(1)(A)(i).

First, Laurel's offense was serious. He pleaded guilty to conspiracy to distribute and possess with intent to distribute large quantities of crack cocaine. He had other people working for him and he sold crack to other drug dealers as well as to drug users.

On March 17, 2017, after careful consideration of all the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of the defendant, the Court sentenced Laurel to 120 months' imprisonment, to be followed by five years of supervised release.[1] The Court emphasized, among other factors, that "the defendant

---

[1] This sentence constituted a substantial downward variance from the applicable sentencing range of 188-235 months imprisonment.

1

was responsible for distributing more than two kilograms, which is 2,000 grams of crack cocaine" or "conservatively $200,000 worth of crack cocaine in a year," and that "the defendant kept a loaded handgun in his home where he stored narcotics and from which he sold narcotics." (Doc. #62 ("Sentencing Tr.") at 41).  The Court noted Laurel had "three prior drug convictions, including two prior felony sale convictions," and he committed the instant offense while on parole.  (Id. at 41, 43).  The Court determined that the sentence imposed was sufficient but not greater than necessary to reflect the serious nature of Laurel's offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from further crimes of the defendant.

Laurel has been detained since his arrest on April 20, 2015.  To date, he has served just over fifty percent of the sentence imposed.

Second, Laurel has not demonstrated "extraordinary and compelling reasons" to warrant the extraordinary relief being sought—namely, early termination of a lawfully imposed prison sentence.  Laurel has not established that he has any medical condition that significantly increases his risk of serious complications from COVID-19.  See 18 U.S.C. § 3582(c)(1)(A)(i).  Laurel is thirty-nine years old.  He is not elderly or infirm.  Moreover, Laurel's medical records indicate that he has already tested positive for COVID-19 on or around June 5, 2020.  (See Doc. #81, Ex. D).  Indeed, Laurel described his COVID-19 symptoms as follows:  he "couldn't breath[e], smell, taste," "cold chills kept [him] up all night," and his "head pounded for hours."  (Doc. #78 at ECF 2).[2]  The Centers for Disease Control and Prevention has not issued clear

---

[2]   Citations to "ECF __" refers to the page numbers automatically assigned by the Court's Electronic Case Filing system.

guidance on whether future reinfection might occur for certain individuals.[3]  In short, there is no indication in Laurel's submission or his medical records that he has any condition that significantly increases his risk of serious complications were he to become re-infected.

Finally, as required by Section 3582(c)(1)(A), the Court has considered "the factors set forth in section 3553(a) to the extent that they are applicable."  The serious nature of Laurel's offense warranted a lengthy sentence at the time it was imposed; nothing has changed to warrant cutting that sentence by nearly half.  Indeed, the sentence was designed to promote respect for the law and provide just punishment for the offense.  To so dramatically reduce the sentence in light of the current public health crisis would neither be just nor promote respect for the law; if anything, it would promote disrespect for the law.  And shortening Laurel's sentence would undermine two other critical sentencing objectives in this case:  the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  These sentencing factors not only supported the sentence at the time it was imposed, they also weigh strongly against Laurel's early release, especially given that Laurel committed the instant offense while on parole.

Accordingly, defendant Justin Laurel's motion for compassionate release is DENIED.

---

[3]     Clinical Questions about COVID-19: Questions and Answers, CTRS. FOR DISEASE CTRL. & PREVENTION https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last visited July 27, 2020) ("There is no firm evidence that the antibodies that develop in response to SARS-CoV-2 infection are protective.  If these antibodies are protective, it's not known what antibody levels are needed to protect against reinfection.").

3

Chambers will mail a copy of this Memorandum Opinion and Order to defendant at the following address:

    Justin Laurel
    Reg. No. 72115-054
    FCI Butner Low
    Federal Correctional Institution
    P.O. Box 999
    Butner, NC  27509

Dated: July 30, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge